# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| **ERIC CONKLIN,**<br><br>Plaintiff,<br><br>*v.*<br><br>**CORTEVA, INC.,** *et al.,*<br><br>Defendants. | **7:23-cv-01114-D-RN** |
| **BEVERLY BROWN,** *et al.,*<br><br>Plaintiffs,<br><br>*v.*<br><br>**CORTEVA, INC.,** *et al.,*<br><br>Defendants. | **7:23-cv-01409-D-RN** |
| **PAGE RITCHIE,** *et al.,*<br><br>Plaintiffs,<br><br>*v.*<br><br>**CORTEVA, INC.,** *et al.,*<br><br>Defendants. | **7:23-cv-01465-D-RN** |
| **BERDIE E. BOONE,** *et al.,*<br><br>Plaintiffs,<br><br>*v.*<br><br>**CORTEVA, INC.,** *et al.,*<br><br>Defendants. | **7:23-cv-01473-D-RN** |
| **AMY GODWIN,** *et al.,*<br><br>Plaintiffs,<br><br>*v.*<br><br>**CORTEVA, INC.,** *et al.,*<br><br>Defendants. | **7:23-cv-01500-D-RJ** |

1

| | |
|---|---|
| **DEVON BARTHOLOMEW,** *et al.,* | |
| Plaintiffs, | |
| *v.* | **7:23-cv-01592-D-KS** |
| **CORTEVA, INC.,** *et al.,* | |
| Defendants. | |
| **STEVEN AARON,** *et al.,* | |
| Plaintiffs, | |
| *v.* | **7:23-cv-01599-D-RN** |
| **CORTEVA, INC.,** *et al.,* | |
| Defendants. | |
| **CONSTANCE BAKER,** *et al.,* | |
| Plaintiffs, | |
| *v.* | **7:23-cv-01666-D-BM** |
| **CORTEVA, INC.,** *et al.,* | |
| Defendants. | |

## ORDER GRANTING PRETRIAL COORDINTION AND CASE MANAGEMENT ORDER CONCERNING PLAINTIFF FACT SHEETS

The Court finds that several cases have been filed against Defendants Corteva, Inc., DuPont de Nemours, Inc. f/k/a DowDupont, Inc., EIDP, Inc. f/k/a E.I. Du Pont De Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC (collectively "Defendants") by various plaintiffs alleging damages associated with alleged contamination of the Cape Fear River and related air and groundwater from Defendants' Fayetteville Works facility in Bladen and Cumberland Counties. Pursuant to Federal Rule of Civil Procedure 1, in order to promote the efficiency of discovery in these and related actions, and in lieu of entering separate Discovery Orders in each of these cases under Rule 26(f), the Court concludes that the following Pretrial Coordination Order is appropriate:

2

## I.    Scope of Order

a.    This Order applies to all Plaintiffs and their counsel in the above-captioned cases only ("included cases").  No additional cases may be included in this Pretrial Coordination Order absent the consent of all parties and the Court.

b.    This Order shall not limit or otherwise affect the procedures or timing of any additional discovery (including depositions) beyond that which is described herein except as otherwise agreed by the parties or so ordered by the Court.

c.    This Order is not intended to affect consolidation of any or all of the included cases for trial or for any other purpose under Rule 42, and the parties maintain their right to seek or demand separate trials of any and all issues in the included cases and to oppose any motion to certify a class or other mass action.

## II.    Plaintiff Fact Sheets

a.    The form PFS that shall be used in these cases is attached hereto as Exhibit A.  In accordance with the schedule set forth below, each Plaintiff subject to this Order shall, at its own cost:

    i.    Complete and sign a verified/sworn PFS;

    ii.    Serve the completed PFS upon counsel for Defendants in the manner described in Section IV below;

    iii.    Produce to Defendants all responsive, non-privileged documents in his or her possession, custody, or control that are requested in the PFS; and

    iv.    Produce to Defendants, simultaneously with their PFS, substantially complete copies of all medical records relating to any matters set forth in the PFS or such Plaintiff's alleged damages.

3

b.    **Substantial Completion of PFS:** In completing the PFS, every Plaintiff is required to provide Defendants with a PFS that is substantially complete in all respects. For a PFS to be "substantially complete in all respects," the responding Plaintiff must: (1) answer every question contained in the PFS to the best of his or her ability and leave no blanks, even if he or she can only answer the question in good faith by indicating "not applicable" or "I don't know"; and (2) comply with Section II.a.i–iv above.

c.    **Verification:** Each Plaintiff's completed PFS shall be signed by the Plaintiff and treated as answers to interrogatories and responses to requests for production of documents under Federal Rules of Civil Procedure Rule 33 and 34, respectively, except that any numerical limits on the number of interrogatories shall not apply to the PFS. The interrogatories and requests for production contained in the PFS shall be answered without objections as to the relevance or the form of the question, though Plaintiffs' counsel reserves the right to raise any valid objections, including as to verification of document productions, relevance, or admissibility, prior to trial as provided in future orders. This section does not prevent a Plaintiff from withholding or redacting information from other records provided with the PFS based on a privilege recognized by law, nor does it prohibit Defendants from challenging such redaction, subject to any further rulings by the Court regarding such redactions.

d.    **PFS Deficiency Dispute Resolution:** If any Defendant disputes the sufficiency of any response in any Plaintiff's PFS, Plaintiffs' provision of the documents required to be produced as described above, or that such PFS as a whole is substantially complete, counsel for Defendant shall notify counsel for such Plaintiff in writing of the alleged deficiencies via email and allow such Plaintiff an additional fourteen (14) days to correct the alleged deficiencies. If applicable, Defendant's counsel's email shall identify the case name, docket number, and purported due

4

date(s), and also include sufficient detail regarding the alleged deficiencies for the parties to meet and confer if necessary. Should the Plaintiff fail to cure the stated deficiencies or assert objections to the same, or otherwise fail to provide responses that are substantially complete in all respects (including the requested documents and signatures on all applicable authorizations) within fourteen (14) days of such notice, Defendants' counsel may request a meet-and-confer on any outstanding issues within seven (7) days and, if any issues remain unresolved, Defendants may file a motion with the Court to compel supplementation or to dismiss that Plaintiff's claims against Defendants with prejudice, with Defendants' costs taxed against that Plaintiff.

      e.     **Notice of Delinquent PFS:** If any Defendant(s) believes that a particular Plaintiff's PFS is past due under this Order, Defendant(s) shall send written notice via email to Plaintiffs' counsel allowing such Plaintiff an additional twenty-one (21) days to serve a PFS that is substantially complete in all respects. Upon receipt of such notice, counsel for the subject Plaintiff shall promptly confer with Defendants' counsel and state the reason for such Plaintiff's failure to provide the PFS. If a completed and verified PFS is not served within the twenty-one (21) days following Defendants' counsel's written notice via email (described above), Defendant(s) may move the Court, which, upon Defendants' presentation of evidence that a Plaintiff has failed to timely provide a sufficient PFS, may dismiss that Plaintiff's claims against Defendants with prejudice absent good cause shown by Plaintiff for any insufficiency, with Defendants' costs taxed against that Plaintiff.

      f.     **Duty to Supplement:** Each Plaintiff shall remain under a duty to supplement information provided in his or her PFS, if needed, consistent with the provisions of the Federal Rule of Civil Procedure 26(e).

### III. The Disputed Issue of Expert Declarations Confirming Injury and Proximate Causation and Briefing on the Same

*Plaintiffs and Defendants disagree about whether the coordination of these matters should include the highlighted provisions that follow underneath this paragraph. Plaintiffs oppose the inclusion of this section. Defendants request that the provisions of this section be included as part of the ultimate plan for coordinating these cases. The parties have proposed, and the Court hereby ORDERS, that the parties shall submit a separate motion and briefing on the issue of whether the following provision should be included. If they wish to seek the inclusion of this provision, then Defendants shall make a motion for that relief, together with a supporting brief, within thirty (30) days after the entry of this Order. Plaintiffs' brief in response to any such motion made by Defendants shall be due thirty (30) days after filing and service of the motion. Defendants may serve a reply brief within fifteen (15) days after filing and service of Plaintiffs' opposition brief. All briefs provided for here shall comply with the limitations under either Local Civil Rule 7.2(f)(2) or Local Civil Rule 7.2(f)(3) that apply to non-discovery motions.*

a.    Prior to any individual discovery for an individual Plaintiff, that Plaintiff shall serve upon Defendants a declaration from one or more experts reasonably expected to qualify under Rule 702 of the Federal Rules of Evidence supporting that Plaintiff's claimed damages and/or injuries.

        i.    The declaration shall state that, based on the expert's physical examination and/or review of records, the expert is prepared to testify that Plaintiff incurred the claimed damages as a result of acts or omissions by Defendants.

        ii.    The declaration shall be signed under oath and/or under penalty of perjury by the expert.

6

iii.     No expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be required at the time of the declaration, but will be required at a later date pursuant to the scheduling order applicable to that Plaintiff.

b.     **Notice of Delinquent Expert Declaration:** If any Defendant believes that an expert declaration as to any Plaintiff is past due under this Order, Defendants' counsel shall send written notice via email to the subject Plaintiff's counsel allowing such Plaintiff an additional twenty-one (21) days to serve an expert declaration that is substantially complete in all respects. Upon receipt of such notice, counsel for the subject Plaintiff shall promptly confer with Defense counsel and state the reason for failure to provide the expert declaration. If a completed and verified expert declaration is not served within the twenty-one (21) days following written notice via email (as described above), Defendant(s) may move the Court, which, upon Defendants' presentation of evidence that a Plaintiff has failed to timely provide a sufficient expert declaration, may dismiss that Plaintiff's claims against Defendants with prejudice absent good cause shown by Plaintiff for any insufficiency, with Defendants' costs taxed against that Plaintiff.

**IV.**    **Service and Confidentiality**

a.     Each Plaintiff subject to this Order shall serve and produce to Defendant(s) a completed PFS, and all responsive, non-privileged documents requested in the PFS or identified above that are in his or her possession, custody, or control or within the possession, custody, or control of his or her medical providers within One Hundred Twenty (120) days of Defendants' filing of an answer. For cases in which Defendants filed an Answer prior to the submission of this Motion, each Plaintiff's PFS and accompanying documents shall be provided within One Hundred Twenty (120) days of the entry of an Order granting such pretrial coordination. In the event that a Plaintiff fails to provide substantially complete copies of their relevant medical records, that

7

Plaintiff shall execute authorizations to permit Defendants to obtain such medical records, with costs taxed to that Plaintiff. This Case Management Order shall not preclude the parties from seeking or granting extensions for the completed PFS and/or responsive, non-privileged documents requested in the PFS. Any such request shall be made in writing via email to the Defendants' counsel before the expiration of the deadline.

      b.      Plaintiffs shall serve the materials described above upon Defendants by emailing them to Defendants' counsel. This shall constitute effective service of the PFS upon Defendants.

      c.      The parties are directed to confer and propose to the Court a Stipulation and Order Governing the Exchange of Confidential Material that complies with all Local Rules and the ECF Policy Manual. All completed PFS shall be marked and treated as "Confidential" consistent with that Stipulation and Order Governing the Exchange of Confidential Material.

      d.      The counsel for Plaintiffs and Defendants shall meet and confer in good faith effort to resolve any other disputes not specifically addressed above regarding the production of documents and/or the completion or service of a PFS. After such meet-and-confer efforts have been attempted in good faith, counsel for a party may bring any remaining dispute(s) before the Court for resolution.

      **V.**      **Coordination of Document Discovery**

      a.      Disclosure of confidential information in the included cases shall be conducted pursuant to the requirements of the parties' agreed-upon protective order. Any further modifications or amendments to that protective order shall be effective in each of the included cases and bind each party thereto.

b. The parties shall coordinate discovery activities to avoid needless duplication and inconsistency by, at a minimum, making all discovery requests, responses, objections, and productions issued in any one of the included cases deemed produced in the other included cases.

c. All Fed. R. Civ. P 26(A) disclosures made in one of the included cases shall be deemed made in all included cases.

**VI.    Coordination of Depositions**

a. To facilitate the efficient conduct of depositions, any fact deposition taken in one of the included cases will be cross-noticed via electronic mail in each of the other included cases by the party taking the deposition. Absent a showing of good cause, there shall be no more than one deposition of any fact witness taken in the included cases.

b. The procedures for taking expert depositions shall be addressed by the Court at a later date.

c. Any deposition cross-noticed in the included cases shall not count against the number of depositions permitted by Fed. R. Civ. P. 30 and 31 in the cross-noticed cases. However, the parties may seek a protective order as to any additional noticed deposition that, in light of other depositions taken in the included cases, would be wasteful, duplicative, burdensome, or otherwise unnecessary.

**SO ORDERED**. This the ⟨7⟩ day of January, 2025.

JAMES C. DEVER III
United States District Judge

9

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### PLAINTIFF FACT SHEET
#### *Conklin et al.*

The person completing this Plaintiff Fact Sheet is doing so under oath, subject to the penalties of perjury, and must provide information that is true and correct to the best of his or her knowledge. The person completing this Plaintiff Fact Sheet must answer every question to the best of his or her knowledge. If he/she cannot recall or does not know all the details requested, he/she must provide as much information as he/she can and indicate which information he/she cannot recall or does not know. He/she must supplement his/her responses if he/she learns that they are incomplete or incorrect.

If the person completing this Plaintiff Fact Sheet is the Plaintiff, then the questions relate to the Plaintiff and, as used herein, "you" refers to the Plaintiff. If this Plaintiff Fact Sheet is being filled out on behalf of someone who has died or is a minor, then the questions relate to the deceased person or minor asserting claims in the lawsuit and, as used herein, "you" refers to the decedent or minor. If this Plaintiff Fact Sheet is being filled out on behalf of someone who has died, then the questions should be answered as of the time immediately prior to his or her death unless a different time period is specified.

The Plaintiff Fact Sheet shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. It must be served within One Hundred Twenty (120) days of the filing of Defendants' Answer. For cases in which Defendants filed an Answer prior to the submission of this Motion, each Plaintiff's PFS shall be provided within One Hundred Twenty (120) days of the entry of an Order granting such pretrial coordination. Further, a substantially complete copy of each Plaintiff's medical records shall be provided simultaneously with their PFS.

## I.     PLAINTIFF INFORMATION

1. **Name:**  Click or tap here to enter text.

2. **Any other name(s), including maiden names, you have used and when:** Click or tap here to enter text.

3. **Date of Birth:** Click or tap here to enter text.

4. **Place of Birth:** Click or tap here to enter text.

5. **If the person completing this Fact Sheet is doing so in a representative capacity (on behalf of the estate of a deceased person, minor, or otherwise incompetent person), please provide the following information:**

    a. **Representative's Name:**  Click or tap here to enter text.

    b. **Representative's Address:**  Click or tap here to enter text.

    c. **Representative's Relationship to Plaintiff:**  Click or tap here to enter text.

    d. **Date of Death, if applicable:**  Click or tap here to enter text.

    e. **If the Representative was appointed by a court, please identify the case number or, alternatively, attach a copy of said appointment:**  Click or tap here to enter text.

6. **Employment information for the last five years or five years before retirement, including occupation, job title, job description, and dates of employment:**

    a. Click or tap here to enter text.

    b. Click or tap here to enter text.

    c. Click or tap here to enter text.

7. **WITHOUT LIMITATION TO DATE RESTRICTIONS IN QUESTION 6, please provide the information if you ever held employment with DuPont or Chemours:**

    a. **Employer:**  Click or tap here to enter text.

    b. **Address:**  Click or tap here to enter text.

    c. **Occupation/Job Title/Job Description:**  Click or tap here to enter text.

    **d. Dates of Employment:** Click or tap here to enter text.

    **e. Reason for Departure:** Click or tap here to enter text.

**8. Please state whether you have been a plaintiff in any lawsuit or made any non-insurance claim (apart from the present lawsuit) related to (1) any alleged damage to the property at issue in this action or seeking recovery of other economic-loss damages, or (2) any of the personal injuries that you allege. Please explain where and when the lawsuit was filed/submitted, the nature of the damage claimed, the names of adverse parties, and the outcome/disposition:** Click or tap here to enter text.

## II.  PROPERTY-RELATED INFORMATION

**9. Are you claiming property damages in this lawsuit:** ☐Yes  ☐No

    **a.** If yes, please identify the address(es) and assessor parcel number(s): Click or tap here to enter text.

**10. For EACH Property, identify the following (separate questionnaires should be completed for each property for which you are claiming damages):**

    **a. Address:** Click or tap here to enter text.

    **b. Type of Property:**

        ☐Single-Family Home
        ☐Multi-Family Home
        ☐Townhouse
        ☐Apartment Building
        ☐Condo
        ☐Co-Op
        ☐Other (specify) Click or tap here to enter text.

    **c. How is the property used (check all that apply):**

        ☐Residential
        ☐Commercial
       ☐Agricultural
        ☐Vacant
        ☐Other (specify) Click or tap here to enter text.

d. **Do you own, lease/rent, or other?**

☐Own
☐Lease/Rent
☐Other (specify) Click or tap here to enter text.

e. **If you own the property, how did you acquire it?**

☐Purchase
☐Inherit
☐Other (specify) Click or tap here to enter text.

f. **For each property at issue:**

   i. **State the date you acquired the property:** Click or tap here to enter text.

   ii. **State the dates of your occupancy of the property:** Click or tap here to enter text.

g. **Identify the current source of water for the property:**

☐Private well
☐Municipal Water

**If a private well, please state the date the well was drilled or created, who drilled or created the well, and whether you have any government-issued permits related to the well:** Click or tap here to enter text.

**If municipal water, please state the length of service with each water provider:** Click or tap here to enter text.

h. **If the property is on a private well, has a Point of Entry Treatment (POET) system been installed at your wellhead (for example, a GAC filtration system)?** ☐Yes ☐ No

   **If yes, and if Chemours did not pay for the system and have it installed, please state the date of installation and who installed it:** Click or tap here to enter text.

i. **If the property is on a private well, has the property used a water filter – including but not limited to an under-the-sink reverse osmosis system – for drinking water in the las five years (not including a POET system mentioned above)?** ☐Yes ☐ No

Page **4** of **8**

**If yes, and if Chemours did not pay for the system and have it installed, state the approximate dates used (if known), type (if known), manufacturer (if known), and who furnished/paid for the filter (if known):** Click or tap here to enter text.

j. **Has bottled water been delivered to this property as part of Chemours' bottled water replacement program?** (Note: Delivery of bottled water under this program may be completed by a local bottled-water delivery service such as Crystal Springs or Le Bleu) ☐ Yes  ☐ No

k. **Has bottled water been delivered to this property as part of a bottled water replacement program other than that identified in the question above?** ☐ Yes  ☐ No

   **If yes, please state the sponsor of the program and dates of participation:** Click or tap here to enter text.

l. **Has the property at issue undergone any remediation (other than the installation of GAC or RO treatment systems identified above, if applicable) for any contaminant or hazardous substance (not limited to PFAS)?** ☐ Yes  ☐ No

   **If yes, please described the remediation, identify the contaminant or hazardous substance, the date of remediation, and who performed the remediation:** Click or tap here to enter text.

m. **Has Chemours offered you a reverse osmosis (RO) or granular activated carbon (GAC) filter?** ☐ Yes  ☐ No

   **If yes, did you accept it?** ☐ Yes  ☐ No

   **If no, please explain why not:** Click or tap here to enter text.

n. **Has there been any testing or sampling for GenX, PFOA, PFOS, or other poly-fluoroalkyl substances (PFAS) of the air, soil, or water (whether ground water, well water, or other drinking water) at or on the property?** ☐ Yes  ☐ No

If yes, please state the following for each test conducted or provide testing reports and results:

| Area Tested/ Sampled | Date of Test/ Sample | Entity Conducting Test/Sample | Results |
|---|---|---|---|
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |

   o. **Have you made any homeowners' insurance claim related to the presence of GenX, PFOA, PFOS, or other PFAS at or on your property?** ☐ Yes ☐ No

       **If yes, please identify the date, the nature, and the result of the claim:** Click or tap here to enter text.

   p. **Are you claiming diminution in property value?** ☐ Yes ☐ No

   q. **For the property at issue, describe each instance when the value of the property has been assessed or determined, including dates of any valuations, identification of who performed valuations, and the results of any valuations:** Click or tap here to enter text.

11. **Aside from property damage, are you making claims against Defendants in this lawsuit?** ☐ Yes ☐ No

       **If yes, please state the category of additional losses you allege, then for each claimed category, briefly described the nature and estimate the value of these additional claim(s):** Click or tap here to enter text.

### III.     MEDICAL-RELATED INFORMATION

**12. Are you claiming personal injury damages in this lawsuit?  ☐ Yes   ☐ No**

**13. If yes, please identify the medical condition(s) and/or injuries you claim to be a result of the alleged contamination:**  Click or tap here to enter text.

**14. For each medical condition and/or injury identified above, please provide the following information:**

    **a.  Date of Diagnosis:**  Click or tap here to enter text.

    **b.  Provider who diagnosed the condition:**  Click or tap here to enter text.

    **c.  All healthcare providers who have rendered treatment related to the condition:**  Click or tap here to enter text.

**15. Identify all health care providers (individual and/or institutions) from whom you have received care in the last ten years:**  Click or tap here to enter text.


Click or tap here to enter text.


### IV.     RECORDS

**Provide the following documents that are in your possession:**

**1.  The results of any tests related to the presence of GenX, PFOA, PFOS, or other PFAS at or on your property, (e.g., of water, air, or soil);**

**2.  If you are alleging damage to real property, provide the following:**

    **a.  the deed for such property or, if the deed is not in your possession, other evidence of property ownership in your possession;**

    **b.  any appraisals of such property in your possession;**

    **c.  the declarations page of any homeowners' insurance policy for which Plaintiff has made a claim regarding the alleged presence of GenX, PFOA, PFOS, or other PFAS;**

    **d.  any documents reflecting offers of purchase since January 1, 2015;**

**3.  All medical records supporting any condition or injury that you contend is related to alleged contamination.**

## VERIFICATION

I declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
Signature of Plaintiff

_____
Print Name

_____
Date